FILED
2015 FEB 20 PM 2:46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2015 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 15- **CR15-0071** |
|---|---|
| Plaintiff, | <u>I N D I C T M E N T</u> |
| v. | [18 U.S.C. § 371: Conspiracy to Engage in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearm and Ammunition; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Cocaine Base in the Form of Crack Cocaine] |
| MIGUEL VICTORIO and JESSE PEREZ, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A.  OBJECTS OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about June 6, 2012, in Los Angeles County, within the Central District of California, and elsewhere, defendants MIGUEL VICTORIO and JESSE PEREZ and others known and unknown to the Grand Jury, conspired and agreed

with each other to knowingly and intentionally engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

B. <u>MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED</u>

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendant PEREZ would negotiate and broker the unlicensed sale of firearms to a person whom defendant PEREZ believed was a firearms customer, but who in fact was a confidential informant working with law enforcement ("the CI").

2. Defendant VICTORIO would communicate and meet with the CI, whom defendant VICTORIO also believed was a firearms customer, and carry out the unlicensed sale of firearms to the CI.

C. <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish its object, defendants VICTORIO and PEREZ, and others known and unknown to the Grand Jury, committed the following overt acts, among others, within the Central District of California and elsewhere:

1. On November 10, 2011, defendant PEREZ met with the CI and agreed to inquire with a co-conspirator about the availability of firearms for sale to the CI.

2. On April 22, 2012, defendant PEREZ sent a text message to the CI that contained an image of a rifle that defendant PEREZ offered to arrange to sell to the CI.

3. On April 23, 2012, defendant PEREZ agreed to sell a MAC-12 firearm with two magazines of ammunition in exchange for $1,200.

4. On April 23, 2012, defendant PEREZ sent a text message to the CI that contained an image of the firearm that defendant PEREZ offered to sell to the CI.

5. On April 23, 2012, defendant PEREZ arranged to meet the CI later that day, and defendant PEREZ offered to include a .380 caliber handgun in the transaction for an additional $350.

6. On April 24, 2012, defendants VICTORIO and PEREZ met with the CI and provided to the CI a Davis Industries P380 .380 caliber pistol, bearing serial number AP494803, and a Leinad PM12 .380 caliber fully automatic machine gun pistol, bearing an obliterated serial number, in exchange for $1,500.

7. On April 24, 2012, defendant PEREZ informed the CI that defendant PEREZ would contact the CI about the availability of additional AK-47s for sale to the CI.

8. On May 3, 2012, defendants VICTORIO and PEREZ met with the CI, during which defendant VICTORIO agreed to sell a Mini-14 rifle and an AK-47 firearm to the CI in exchange for $2,800.

9. On May 3, 2012, defendant PEREZ contacted the CI to coordinate a meeting to complete the agreed-upon firearms transaction.

10. On May 3, 2012, defendant VICTORIO met with the CI and provided to the CI a Ruger Mini-14 semi-automatic rifle, bearing serial number 186-99075, and a Norinco NHM-917 .62 caliber semi-automatic rifle, bearing serial number 9311036, in exchange for $2,800.

11. On May 31, 2012, defendant VICTORIO contacted the CI to coordinate the sale of a .357 caliber revolver and an SKS rifle in exchange for $900.

12. On June 5, 2012, defendant VICTORIO spoke with the CI to coordinate a meeting to complete the agreed-upon firearms transaction.

13. On June 6, 2012, defendants VICTORIO and PEREZ met with the CI, and defendant VICTORIO provided to the CI a Ruger GP-100 revolver, bearing serial number 173-43908, and one Norinco SKS 7.62 caliber rifle, bearing serial number 240109187, in exchange for $1,300.

14. On June 6, 2012, defendant VICTORIO informed the CI that defendant VICTORIO had an AK-47 firearm available for $600.

COUNT TWO

[18 U.S.C. §§ 922(a)(1)(A); 2(a)]

On or about the following dates, in Los Angeles County, within the Central District of California, defendants MIGUEL VICTORIO and JESSE PEREZ, each aiding and abetting the other, and each not being a licensed importer, licensed manufacturer, or licensed dealer, knowingly and willfully engaged in the business of importing, manufacturing, and dealing in the following firearms:

| DATE | FIREARMS |
| --- | --- |
| April 24, 2012 | One Davis Industries P380 .380 caliber pistol, bearing serial number AP494803; and one Leinad PM12 .380 caliber fully automatic machine gun pistol, bearing an obliterated serial number |
| May 3, 2012 | One Ruger Mini-14 semi-automatic rifle, bearing serial number 186-99075; and one Norinco NHM-917 .62 caliber semi-automatic rifle, bearing serial number 9311036 |
| June 6, 2012 | One Ruger GP-100 revolver, bearing serial number 173-43908; and one Norinco SKS 7.62 caliber rifle, bearing serial number 240109187 |

COUNTS THREE through FIVE

[18 U.S.C. § 922(g)(1)]

On or about the following dates, in Los Angeles County, within the Central District of California, defendant MIGUEL VICTORIO ("VICTORIO") knowingly possessed the following firearms and ammunition, each in and affecting interstate commerce.

Such possession occurred after defendant VICTORIO had been convicted of a felony offense punishable by a term of imprisonment exceeding one year, namely, Sale or Offer to Sell a Controlled Substance, in violation of California Health and Safety Code Section 11379(a), in the Superior Court of the State of California, Case Number TA120749, on or about December 2, 2011.

| COUNT | DATE | FIREARMS AND AMMUNITION |
|---|---|---|
| THREE | April 24, 2012 | One Davis Industries P380 .380 caliber pistol, bearing serial number AP494803; and one Leinad PM12 .380 caliber fully automatic machine gun pistol, bearing an obliterated serial number |
| FOUR | May 3, 2012 | One Ruger Mini-14 semi-automatic rifle, bearing serial number 186-99075; and one Norinco NHM-917 .62 caliber semi-automatic rifle, bearing serial number 9311036 |
| FIVE | June 6, 2012 | One Ruger GP-100 revolver, bearing serial number 173-43908; one Norinco SKS 7.62 caliber rifle, bearing serial number 240109187; and four rounds of CBC .357 caliber ammunition |

COUNT SIX

[21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)]

On or about November 10, 2011, in Los Angeles County, within the Central District of California, defendant JESSE PEREZ knowingly and intentionally distributed approximately 27.6 grams of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

A TRUE BILL

/S/
Foreperson

STEPHANIE YONEKURA
Acting United States Attorney

Scott Garringer
Deputy Chief, Criminal Division For:
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

KEVIN M. LALLY
Assistant United States Attorney
Chief, Organized Crime Drug
  Enforcement Task Force Section

BENJAMIN BARRON
Assistant United States Attorney
Deputy Chief Organized Crime Drug
  Enforcement Task Force Section